## PFEIFFER & WIFE *v.* RIEHN & SCANNELL.

IN an equity case, submitted by the Court to a jury, this Court will not review the
testimony, if any proof sustains the verdict and judgment.

A jurat to an answer, is, in form and substance, an affidavit, and may be taken be-
fore a County Recorder.

Where husband and wife execute a note and mortgage, the note is good as to the
husband, even if void as to the wife; and the property is bound by the mort-
gage, independent of the note of the wife.

*Carey* v. *Tice*, (6 Cal. 629,) that the Legislature may determine in what manner and
how the homestead is to be protected, affirmed.

In a mortgage of the homestead, the premises need not be described as the home-
stead.

Where the jury and Court are satisfied that the wife understood English, at the
time of executing and acknowledging a note and mortgage upon the homestead,
there was no necessity for an interpreter to explain the contents of the mort-
gage.

In a foreclosure suit, on a note and mortgage of the homestead, executed by hus-
band and wife, the wife alone answered, but did not verify her answer. On suit
brought to vacate the decree rendered in the foreclosure, the wife, having been
served with process, cannot complain that her answer was not verified. And

her failure, by excusable negligence, to make defense to the foreclosure, is no ground to vacate the decree, if it be shown that in fact she had no defense.
A decree, in an equity case, is not vitiated because based on the verdict of a jury, even though it might have been made without a jury.

APPEAL from the Twelfth District.

Facts stated by the Court. Scannell, as Sheriff, is made party in order to enjoin him from making a deed of the premises to Riehn, who bought at the foreclosure sale, and to whom, it is averred, the Sheriff is about to make a deed. Plaintiffs appeal from a judgment for defendant.

*Gregory Yale,* for Appellant.

I. The note and mortgage, so far as they affect the interest of the plaintiff, Theckla, and her children, in the homestead, are void.

1. As to the note. The note of a married woman is void, except so far as she may bind her separate property in equity. Her note cannot bind her interest in the homestead, as the estate is joint, in the husband and wife, with the interest in the children.

2. The premises were not described as a homestead in the mortgage. The word "homestead" does not occur in the mortgage, or in the complaint to foreclose, or in the summons, or in the decree of foreclosure. The term "homestead" has a distinct legal signification; and the term, as used in the Constitution and the Act, must be interpreted according to that known signification. (1 Bouv. Dic. 641; see, also, *Woodman* v. *Lane,* 7 N. H. 245.)

This point is important in connection with the character of the acknowledgment to be made by the wife. The Notary in this case merely states in his certificate that she executed the same, (the mortgage,) for the uses and purposes therein mentioned, and "after being made acquainted with the contents of said instrument" acknowledged, etc. She may have been made acquainted with the contents of the mortgage, and yet have known nothing of the mortgage of the homestead. The Homestead Act, say the Court, *Pease* v. *Barbiers,* (10 Cal. 440,) refers the mode of acknowledgment to the law relating to conveyances.

3. That part of the Act authorizing a forced sale of the home-

stead, is unconstitutional. "Forced sale," in the Constitution, is used as contradistinguished to "voluntary sale." The constitutional provision is, in effect, a prohibition against a forced sale. It may be, that, until the Legislature acted, no protection against a forced sale was provided by the mere constitutional mandate. (*Groves* v. *Slaughter*, 15 Pet.) But the Legislature, having acted upon the subject, could only act within the scope of the constitutional provision. It could not impair the force of the provision by qualifying it. It is doubtful whether value has anything to do with the exemption under the Constitution. The principle is to protect the family residence.

What is said upon this subject in *Cary* v. *Tice*, (6 Cal. 629,) is not only a *dictum*, but contrary to express authority under a constitution from which our provision was adopted. (*Sampson et al.* v. *Williamson*, 6 Texas, 102; *Benedict* v. *Burnell*, 7 Cal. 246.)

II. The proceedings and judgment in the suit of Riehn to foreclose the mortgage, so far as affects the plaintiff, Theckla's, interest in the homestead, are nullities.

This results from the character of the estate, being a joint tenancy, requiring the husband and wife to unite in an action to defend the homestead. (*Revalk* v. *Kraemer*, 8 Cal. 66; *Poole* v. *Guard*, Id.; *Kraemer* v. *Revalk*, Id. 74; *Van Reynegan* v. *Revalk*, Id. 75; *Marks & Wife* v. *Marshe*, 9 Id. 90; *Moss* v. *Warner*, 10 Id. 296; *Sargeant* v. *Wilson et al.* 5 Cal. 507.)

Neither will the acts or declarations of the husband bind the wife, as to the homestead. (*Dunn* v. *Tozer*, 10 Cal. 167.) His default could not affect her. If he could cause a loss of the homestead by default, he could by sale, or abandonment. The answer of the wife is a nullity. Her failure to defend, under the circumstances, was excusable neglect. (Pr. Act, Sec. 68.) The trial by jury was wrong. (*Sanders* v. *Still & Wife*, 8 Cal. 281.)

IV. The evidence proves that the plaintiff, Theckla, was not sufficiently acquainted with the English language to comprehend the character of the mortgage.

The statute makes no provision for the employment of interpreters where acknowledgments of foreigners are taken to deeds. If an interpreter is employed, or, if the officer taking

the acknowledgment uses any other than the English language, in communicating with the person making the acknowledgment, the certificate should state the fact.  See *Moore* v. *Peralta,* (McAllister's C. C. R.) as to the practice in chancery of appointing interpreters on filing answers, where the party does not understand English.

Equity will relieve against this deed, signed in ignorance of her rights.   (4 Young & Coll. 42.)

*Campbell & Turk,* for Respondent.

I.   The question of fact has been determined by a jury.   The Court below has sanctioned that determination.

It is immaterial whether any, and, if any, what, errors were committed in the original suit; they could not be corrected in this proceeding.

II.   The note of a married woman is not void, but only voidable, and though Theckla might have availed herself of this defense in the first suit, she failed to do so, and has not shown any sufficient excuse for her *laches.*   Doubtless the judgment was entered against her personally through inadvertence, and, upon suggestion, the judgment would have been so modified as to correct the error.   But this would not have prevented the sale of the homestead under the mortgage.   That instrument was not invalidated by the fact of her signing her note; the remedy would have been just as perfect against the property if she had never seen the note.

III.   The Constitution is advisory.   It does not pretend to limit the·Legislature.   If no legislation had been adopted on the subject the entire property of the debtor would now be liable to execution.   The extent to which the Legislature shall act is not regulated by the Constitution.   The nature of the subject precludes the possibility of laying down any fixed rule.

IV.   If the proceedings and judgment in the case of Riehn to foreclose the mortgage, so far as they affect the plaintiff, Theckla's, interest in the homestead, are nullities, she has no standing in Court.   The nullity is apparent, if at all, on the face of the papers.   If they are not nullities, but errors merely, they can be corrected on appeal, and a bill in equity does not lie.   That, in

a suit to claim the homestead, husband and wife are necessary parties is not disputed; but that does not tend to prove that where A commences a suit against B and his wife to foreclose a mortgage executed by them, A is bound to, or can, compel them to set up any particular defense whatsoever; they, or either of them, may defend if they please, or suffer judgment to go against them, or either of them, by default.

There is nothing in the objection to the jury trial, as a verdict in these cases is advisory only. So, as to the jurat to the answer, the term "affidavit" embraces the verification.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This bill was filed by the female plaintiff, in conjunction with her husband, to set aside a certain decree for the sale of property which she claims as homestead, situate in San Francisco. This lot was sold on a decree for the foreclosure of a mortgage, which was executed to Riehn by Pfeiffer and wife, in the form required by statute. The female plaintiff charges that she was ignorant of the English language. That she was requested by her husband to sign a note, and a mortgage to secure it, on this property, which she did without knowing the contents; that the mortgage purports to be acknowledged before one Moore, Notary Public, the certificate being in the usual form, but she denies the truth of the facts therein stated—as the examination and her being made acquainted with the papers. The same averments are made in relation to another mortgage.

Bill avers that defendant, Riehn, in January, 1857, commenced an action for the foreclosure of his mortgage against the plaintiffs, etc. The summons was returned as executed on them the 21st January, 1857; that neither of the defendants, except the female plaintiff, answered, and, on the 20th June, 1857, a default was entered in the Clerk's office against all the defendants except the female plaintiff. That, on the 10th February, 1857, she filed her answer, signed by a law firm, denying the execution of the note and mortgage, and claiming a homestead. On the 27th June, 1857, a verdict was returned for the plaintiff.

She avers, that, at the time she received the summons from the Deputy Sheriff, she handed the same over to her husband as

a matter pertaining to his business alone; and, at the time of the trial, and for a long time before, she was sick; that she was dependent on her husband to employ counsel and defend the suit, etc.; that he employed one Parker, but never told him of the defense as here set up. Parker accordingly did not set up any such defense. She is advised that the answer—denying the execution of written documents on which the action was founded—not being verified was a mere nullity; that no Attorney was present at the trial; avers that the consideration on which the mortgage was given was a mere nullity—it being a joint note of her and her husband; that she could make no joint contract except as connected with her separate estate—which this was not.

Bill prays that the verdict may be set aside and the decree of foreclosure entered thereon opened up, and plaintiff admitted to make a defense, etc.

The defendants answered, denying the material averments in respect to the execution and acknowledgment of the mortgage, and averring that she acknowledged it as the certificate states, knowing the contents, which were explained to her.

The Court below submitted the case to a jury, who returned a verdict for the defendants.

It would be no easy task, perhaps, for the plaintiff to maintain this bill, even upon proof of all its averments. But upon looking at the proofs, though they do not agree, we have no hesitation in arriving at the conclusion that the jury were right in their verdict. It is not our habit to review the testimony; it is unnecessary here; because if any proof sustains the verdict and judgment, we should not disturb it.

Some points are made by the Appellant, which we will briefly notice:

1. A motion to strike out the defendants' answer because it was not verified—the bill having been sworn to. The ground of this objection is, that the verification was before the County Recorder, who had no authority, as Appellant contends, to administer oaths. But the statute giving authority "to Recorders to take affidavits to be used in any Court of Justice in this State," comprehended the power to take and certify the jurat—which is, in form and substance, an affidavit.

Pfeiffer *v.* Riehu.

2. It is said that a married woman cannot make a note except as affecting her separate estate, and, therefore, this mortgage founded on this note, is void. We think otherwise. Even if the note of the wife is void as to her, it was good as to the husband, and the property is bound by the mortgage, independent of the note of the wife—if otherwise valid.

3. It is argued that the Constitution protects the property from forced sale by decree of foreclosure of a mortgage, as well as otherwise, and some cases from Texas are cited. But the Texas Constitution is different from ours. In the case of *Carey* v. *Tice*, (6 Cal. 629,) the same point was made. The Court say : " Upon the point that the Legislature can direct in what manner this species of property may be sold, or the tenancy destroyed, we have no doubt. The Constitution is inoperative of itself, and looks to legislation; and in acting upon this subject, it was a matter entirely within the discretion of the Legislature to determine how far, and in what manner, the homestead should be protected." It is true, the case might have been decided without this last proposition, but it arose from the facts and was fully argued. We regard the decision as binding, upon the rule of *stare decisis*, as important rights have vested under it, even if we were satisfied — which we are not — that the doctrine was originally questionable.

4. We think there was no necessity for the mortgage to define the premises as the homestead. The grantors interested in property are presumed to know what they are granting when they use expressions which accurately describe the property.

5. There was no necessity for an interpreter, for it seems the jury and the Court below were satisfied that the wife understood English.

6. Having been served with process, the wife was bound by the judgment in the first suit. She cannot complain that her answer was not verified. And if she, by excusable negligence, failed to make defense, the very thing found against her now is that she had none.

7. The decrees might have been made in both suits without a jury, but we do not see that they were vitiated because of the verdicts.

Decree affirmed.